UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| YOLANDA L. SMITH-BUTTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19-cv-00901 (AJT/IDD) |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the parties' cross-motions for summary judgment (Dkt. Nos. 13, 16). Pursuant to 42 U.S.C. § 405(g), Yolanda L. Smith-Butts ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-434. For the reasons stated below, the Court finds that Plaintiff's position is partly supported by substantial evidence, and that there is evidence warranting remand. Accordingly, the undersigned recommends that Plaintiff's Motion for Summary Judgment [Dkt. No. 13] be **GRANTED in part**, Defendant's Motion for Summary Judgment [Dkt. No. 16] be **DENIED in part**, and the decision of the Commissioner be **VACATED** and the case be **REMANDED** for further review.

**I.     PROCEDURAL BACKGROUND**

Plaintiff filed an application for DIB on April 19, 2016, alleging disability since November 28, 2015, due to diabetes, back problems, leg pain, knee pain, depression, obsessive-

---

[1] Although the docket and the Complaint name Nancy Berryhill as the Acting Commissioner of Social Security, Andrew Saul is the current Acting Commissioner.

1

compulsive disorder ("OCD"), and bipolar disorder. (Administrative Record ("R.") at 110, 116, 210.) Plaintiff's initial claims were denied on September 12, 2016, and again upon reconsideration on December 5, 2016. *Id.* at 84-115. Plaintiff requested a hearing in front of an Administrative Law Judge ("ALJ") on January 17, 2017. *Id.* at 133. A hearing before ALJ Anne Sharrard was conducted on December 18, 2018. *Id.* at 33-83.

On February 14, 2019, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act. *Id.* at 9-24. On May 6, 2019, the Appeals Council for the Office of Disability and Adjudication ("Appeals Council") denied Plaintiff's request for review of the ALJ's decision, rendering the ALJ's decision the final decision of the Commissioner for purposes of review under 42 U.S.C. § 405(g). *Id.* at 1-6. Having exhausted her administrative remedies, Plaintiff filed the instant suit challenging the ALJ's decision on July 9, 2019. Compl., Dkt. No. 1. Cross-motions for summary judgment were filed and this matter is ripe for disposition.

## II. STANDARD OF REVIEW

In reviewing the Commissioner's decision to deny benefits, this Court is limited to determining whether the decision was supported by substantial evidence in the record and whether the correct legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is more than a mere scintilla but less than a preponderance of the evidence. *Craig*, 76 F.3d at 589. An ALJ is required to analyze all relevant evidence and sufficiently explain his or her findings. *Sterling Smokeless*

*Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997). In reviewing the record for substantial evidence, the court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589). If the ALJ's determination is not supported by substantial evidence in the record, or if the ALJ has made an error of law, the district court must reverse the decision. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The Commissioner's factual findings, if supported by substantial evidence, are conclusive and must be affirmed. *Perales*, 402 U.S. at 390.

The Fourth Circuit applies a harmless error analysis in the context of social security disability determinations. *See Mascio v. Colvin*, 780 F.3d 632, 639 (4th Cir.2015); *Hammond v. Colvin*, No. 1:12-CV-01177, 2013 WL 5972432, at *6 (E.D. Va. Nov. 8, 2013). The harmless error doctrine prevents a remand when the ALJ's decision is "overwhelmingly supported by the record though the agency's original opinion failed to marshal that support" and a remand would be "a waste of time." *Williams v. Berryhill*, No. 1:17-CV-167, 2018 WL 851259, at *8 (E.D. Va. Jan. 18, 2018) (citing *Bishop v. Comm'r of Soc. Sec.*, 583 Fed. Appx. 65, 67 (4th Cir. 2014) (per curiam)). An ALJ's error may be deemed harmless when a court can conclude on the basis of the ALJ's entire opinion that the error did not substantively prejudice the claimant. *See Lee v. Colvin*, No. 2:16-CV-61, 2016 WL 7404722, at *8 (E.D. Va. Nov. 29, 2016). When reviewing a decision for harmless error, a court must look at "[a]n estimation of the likelihood that the result would have been different." *See Morton-Thompson v. Colvin*, No. 3:14-CV-179, 2015 WL 5561210, at *7 (E.D. Va. Aug. 19, 2015) (citing *Shineski v. Sanders*, 556 U.S. 396, 411–12 (2009)).

### III. DETERMINING DISABILITY AND THE ALJ'S DECISION

#### A. Determining Disability and the Sequential Analysis

The Social Security Regulations define "disability" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a). To meet this definition, the claimant must have a severe impairment or impairments that make it impossible to do past relevant work or any other substantial gainful activity that exists in the national economy. *Id.*; *see Heckler v. Campbell*, 461 U.S. 458, 460 (1983). The ALJ is required to employ a five-step sequential evaluation in every Social Security disability claim analysis to determine the claimant's eligibility. Specifically, the ALJ must consider whether the claimant: (1) is engaged in substantial gainful activity;[2] (2) has a severe impairment; (3) has an impairment that equals a condition contained within the Social Security Administration's official Listing of Impairments; (4) has an impairment that prevents past relevant work;[3] and (5) has an impairment that prevents her from any substantial gainful employment. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). After step three of the analysis, but before deciding whether a claimant can perform past relevant work at step four, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 416.920(e)–(f), 416.945(a)(1). *Morris v. Berryhill*, No. 3:16-CV-587, 2017 WL 4112365, at *6 (E.D. Va. Aug. 30, 2017), *report and recommendation adopted*, 2017 WL

---

[2] Substantial gainful activity ("SGA") is work that is both substantial and gainful as defined by the Agency in the Code of Federal Regulations. Substantial work activity "involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Taking care of oneself, performing household tasks, hobbies, therapy, school attendance, and the like are not generally considered substantial gainful activities. 20 C.F.R. § 404.1572(c).

[3] Past relevant work is defined as substantial gainful activity in the past fifteen years that lasted long enough for an individual to learn the basic job functions involved. 20 C.F.R. §§ 404.1560(b), 404.1565(a).

4

4108939 (E.D. Va. Sept. 15, 2017).

### B. The ALJ's Decision

At step one of the sequential evaluation the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of November 28, 2015. R. at 14. At step two of the sequential evaluation, the ALJ found that Plaintiff had various severe and non-severe medically determinable impairments. *Id.* at 14-17. The ALJ found the following impairments severe: mild degenerative disc disease of the cervical spine; moderate facet arthropathy at L5-S1; mild tricompartmental degenerative changes of the right knee with large posterior osteophyte; osteoarthritis of the bilateral knees; diabetes mellitus; mild persistent hyperextension at the distal interphalangeal ("DIP") joints with persistent flexion at the right second through fourth proximal interphalangeal ("PIP") joints; degenerative changes involving the right first metacarpophalangeal ("MCP") joint; status post-irrigation and debridement of the right ring finger, mild osteoarthritis of the bilateral shoulders; and obesity. *Id.* at 14. As far as non-severe impairments, the ALJ found the following impairments non-severe: sinus tachycardia; unspecified depressive disorder; unspecified anxiety disorder with panic attacks; post-traumatic stress disorder; alcohol use disorder; OCD; cervical and lumbar radioculopathy; and vision issues. *Id.* at 15-17.

At step three of the sequential evaluation, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 17. In between steps three and four of the sequential evaluation, the ALJ found that Plaintiff has the RFC to lift and carry 20 pounds occasionally and 10 pounds frequently; sit for 6 hours and stand and/or walk for 4 hours; occasionally climb ramps and stairs, balance, stoop, kneel, crawl, and crouch; but

Plaintiff can never climb ladders, ropes, or scaffolding but can occasionally push or pull with the bilateral upper extremities and can frequently handle and finger bilaterally. *Id.* at 18. At step four of the sequential evaluation, the ALJ found that Plaintiff was unable to perform any past relevant work. *Id.* at 22. At step five of the sequential evaluation, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* at 23. Based on the above, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Act, from November 28, 2015, to the date of the ALJ's decision. *Id.*

### IV. ANALYSIS

#### A. Cross-Motions for Summary Judgment

Plaintiff raises two primary issues in this action, (1) that the ALJ incorrectly classified Plaintiff's mental health limitations as non-severe and (2) that doing so lead to an inaccurate RFC which is not supported by substantial evidence. Pl.'s Br. at 6-15. In contrast, Defendant seeks summary judgment on the basis that the ALJ explained Plaintiff's mental health symptoms and came to a reasonable conclusion at step two of the sequential evaluation. Def.'s Br. at 1-2. Defendant also argues that the ALJ considered Plaintiff's mental health limitations and explained how she determined they did not necessitate a separate RFC limitation. *Id.* Since Defendant's brief in support of summary judgment focuses on disputing the arguments propounded by Plaintiff, the undersigned will address each of Plaintiff's objections to the ALJ's decision in turn.

#### 1. Plaintiff's Mental Health Limitations as Non-Severe

Plaintiff argues that the ALJ improperly classified Plaintiff's mental health impairments as non-severe and that the ALJ's decision should be reversed. Pl.'s Br. at 6. In support, Plaintiff argues that the State experts found Plaintiff to have multiple severe mental limitations and that no evidence contradicts the State experts' findings. *Id.* at 7-9. Plaintiff also argues that the ALJ

6

improperly disregarded Plaintiff's indication that she experienced negative side effects from mental health medication when the ALJ found that Plaintiff did not receive recurring mental health treatment, and that all of the above lead to an inaccurate RFC. *Id.* at 10, 12. Defendant argues that substantial evidence supports the ALJ's determination that Plaintiff's mental impairments were not severe and resulted in no more than minimal functional limitation. Def.'s Br. at 14-20. For the reasons stated below, the undersigned finds that the ALJ properly determined that Plaintiff's mental impairments were non-severe and therefore no remand is required on this basis.

## Applicable Law

In evaluating a claimant's alleged mental impairment, the ALJ must first evaluate the claimant's "pertinent symptoms, signs, and laboratory findings" to determine if the claimant has a medically determinable mental impairment. 20 C.F.R. § 404.1520(a)(b)(1). If the ALJ determines that a medically determinable mental impairment exists, then the ALJ must specify the symptoms, signs, and laboratory findings of the impairments and rate the degree of functional limitations that result from the impairments. *See id.* § 404.1520(a)(b)(2). The Social Security Administration has identified four broad functional areas in which an ALJ will rate the degree of a claimant's functional limitations, namely: (1) understand, remember, or apply information; (2) interact with others; (3) concentration, persistence and pace; and (4) adapt or manage oneself. 20 C.F.R. § 404.1520(a)(c)(3). In rating these areas, an ALJ will utilize a five point scale: none, mild, moderate, marked, and extreme. *id.* § 404.1520(a)(c)(4). After rating each degree of functional impairment, the ALJ must determine the severity of the claimant's mental impairment by analyzing the ratings given to the various functional areas. *Id.* If the ALJ rates the degree of limitation in the first three functional areas as "mild" or "none," the

7

ALJ will generally conclude that the claimant's impairments are non-severe, unless the evidence indicates that there is more than a minimal limitation on the claimant's ability to perform basic work activities. *See* 20 C.F.R. § 404.1520(a)(d)(1). If the ALJ determines that a claimant's impairment is severe, he will then determine if the impairment meets or equals the severity of one of the listed mental disorders. *id.* § 404.1520(a)(d)(2). If the severe impairment does not meet or equal in severity any listing, then the ALJ will assess the claimant's RFC. *id.* § 404.1520(a)(d)(3).

"An impairment is severe only if it significantly limits a person's physical or mental ability to do basic work activities. . . [b]asic work activities include physical, sensory, mental, and social functions." *Lee v. Berryhill*, No. 2:18CV214, 2019 WL 3559473, at *7 (E.D. Va. June 19, 2019), *report and recommendation adopted sub nom. Lee v. Saul*, No. 2:18CV214, 2019 WL 3557876 (E.D. Va. Aug. 5, 2019).

## Analysis

Here, the ALJ determined that Plaintiff's mental impairments of "unspecified depressive disorder, unspecified anxiety disorder with panic attacks, post-traumatic stress disorder, and alcohol use disorder, considered singly and in combination" do not cause more than minimal limitation in Plaintiff's "ability to perform basic mental work activities," and are therefore non-severe. R. at 15. In support of that determination, the ALJ stated that Plaintiff had not received full mental health evaluations aside from an intake evaluation and initial treatment plan meeting in April 2016. *Id.* The ALJ explained that the April 2016 evaluation showed that Plaintiff had fair insight and judgment, her cognition was intact and her thought processes were unremarkable. *Id.* The ALJ also noted that during that evaluation, Plaintiff was oriented in all spheres although she was sad, depressed, and irritable "but her affect was unremarkable." *Id.* at 16.

The ALJ also discussed Plaintiff's "mini mental status exams" from December 2015, January 2016, and March 2016, and a psychological consultative exam in August 2016. In her opinion, the ALJ stated that the December 2015, January 2016, and March 2016 exams showed that Plaintiff was "alert and oriented to person, place, and time" and that her mood and affect were normal. *Id.* at 15. The ALJ also discussed that during the August 2016 exam, Plaintiff's speech was "goal-directed and her thoughts were organized," although she alleged issues with panic attacks and anxiety episodes. *Id.* at 15-16. However, the ALJ noted that the record contains no other mention of panic attacks and anxiety episodes. *Id.* at 16. The ALJ went on to discuss Plaintiff's testimony in which she stated that her anxiety "can be triggered by anything big or small . . . [and] [t]hese episodes can last from one to four hours." *Id.* at 19. The ALJ then noted that these attacks are absent from the record and there was no evidence that Plaintiff sought mental health treatment after she was provided referral information for mental health treatment in August 2017 during a follow up visit with Sindhu T. James, M.D. *Id.* at 19, 721.

The undersigned finds that a review of the record demonstrates that the ALJ's finding that Plaintiff's mental health impairments were non-severe is supported by the substantial weight of the evidence. There are medical records showing that Plaintiff has a history of depression, anxiety, and bipolar disorder. *Id.* at 434, 450, 519, 723, 732, 738. However, these record do not state that Plaintiff is incapable of treating symptoms or that she is incapable of working while managing her symptoms. A January 2016 physical therapy exam noted that Plaintiff's mental status was not impaired. *Id.* at 361. During medical appointments in December 2015, January 2016, and March 2016 with Saundra M. Goralski, CRNP, she noted that Plaintiff was alert and oriented to person, place and time and her mood/affect were normal. *Id.* at 367, 371, 375, 378,

9

381, 384, 395, 399. Notes from a March 2016 appointment with CRNP Goralski show that Plaintiff was given a referral to a therapist for her anxiety. *Id.* at 400.

The State expert opinion from Pamela D. Green, Ph.D., in September 2016 noted that Plaintiff's anxiety disorders and affective disorders were severe but the opinion also stated that Plaintiff was not significantly limited in her ability to remember locations, work-like procedures, and very short and simple instructions. R. at 90, 94. It further stated that Plaintiff was moderately limited in her ability to complete a normal workday and week "without interruptions from psychologically based symptoms." *Id.* at 95. In Leslie E. Montgomery's, Ph.D., State expert opinion from December 2016, Plaintiff's anxiety and affective disorders were listed as severe. *Id.* at 106. Plaintiff was found to be moderately limited in her ability to carry out instructions and maintain attention and concentration for extended periods of time, and in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms due to symptoms of depression and anxiety. *Id.* at 110. Although Plaintiff testified that she did not like talking to or being around people (*see* R. at 62), Dr. Montgomery noted that Plaintiff was not significantly limited in her ability to perform activities with a schedule, sustain an ordinary routine, work in coordination with others, and make simple work-related decisions. *Id.* at 110. Ultimately, Dr. Montgomery found that Plaintiff was capable of performing simple and routine work. *Id.* at 111. As stated previously, "[a]n impairment is severe only if it significantly limits a person's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1522(a). The ALJ noted that both Dr. Green and Dr. Montgomery did not examine Plaintiff nor did they "have access to later evidence for a fuller picture of [Plaintiff's] mental health issues." R. at 21. Since, neither State experts' opinion stated that the Plaintiff was significantly limited to do basic work

activities because of her mental abilities, the undersigned finds that the ALJ's findings are supported by the record.

The record contains two other detailed mental health records. First, the April 2016 diagnostic mental evaluation from Mosaic Community Services showed that Plaintiff reported difficulty controlling obsessions, anxiety and depression, and low mood and irritability. *Id.* at 417. Under Plaintiff's mental health status, the evaluator marked that Plaintiff was oriented in all spheres, had a fair fund of knowledge, intact cognition, fair insight, fair judgment, unremarkable affect, and unremarkable thought process. *Id.* at 418-19. It was marked on the evaluation that Plaintiff was in a sad and depressed mood and that her thought content was pessimistic, hopeless, and helpless. *Id.* at 419. Further, Plaintiff was diagnosed with post-traumatic stress disorder, generalized anxiety disorder, and "depression, major, single episode, moderate" and the evaluation contained goals for treatment and a target date of December 26, 2016 for meeting all goals. *Id.* at 421, 423-30. The evaluation did not address Plaintiff's ability to work.

Second, a psychological evaluation from August 2016 conducted by Melinda B. Stein, Ph.D., noted that Plaintiff's "speech was goal-directed and her thoughts organized" and that there was no evidence of a thought disorder but that Plaintiff "became tearful, depressed and anxious when discussing previous abuse." *Id.* at 551. At the time, Plaintiff was not taking any medication but did report depression and anxiety "with daily panic" and "transient suicidal ideation." *Id.* In January 2017, Plaintiff indicated that she was not being treated for her anxiety but that she did want to resume therapy and medication. *Id.* at 670. A medical visit summary in August 2017 noted for Plaintiff to "schedule appointment with psychiatrist ASAP." *Id.* at 725. While it is clear from the record that Plaintiff suffers from mental impairments, there is no objective evidence that Plaintiff's mental impairments significantly limit her ability to do basic work activities.

11

Therefore, given the results and statements included in the medical records above, the undersigned recommends a finding that the ALJ did not err in finding Plaintiff's mental health impairments to be non-severe.

### 2. Whether Plaintiff's RFC is Inaccurate and Unsupported by Substantial Evidence

Plaintiff argues that since the ALJ classified Plaintiff's mental impairments as non-severe, Plaintiff's mental impairments were not considered in determining her RFC and thus the RFC is inaccurate. Pl.'s Br. at 12. Plaintiff also argues that the RFC is not supported by substantial evidence because the mental health evidence demonstrated that Plaintiff could not handle occasional decision making and regular interaction with coworkers. Pl.'s Br. at 14-15. Defendant argues that the ALJ properly and sufficiently considered Plaintiff's medical opinion evidence and that substantial evidence supports the ALJ's RFC finding. Def.'s Br. at 21-26. For the reasons stated below, the undersigned finds that the RFC does not include mental limitations consistently noted throughout the record, and therefore should be remanded for further review.

### Applicable Law

In between steps three and four of the sequential analysis, the ALJ determines the RFC and at step four, the ALJ considers the assessment of the claimant's RFC and past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). At the fifth step, the ALJ considers the assessment of the claimant's RFC and determines if the claimant can make an adjustment to other work. *Id.* § 404.1520(a)(4)(v). When assessing an RFC, the ALJ will consider all medically determinable impairments, including those that are not severe. 20 C.F.R. § 404.1545(a)(2). The RFC is assessed based on all of the relevant and other evidence and in consideration of claimant's ability to meet physical, mental, sensory, and other requirements of work. *Id.* §§ 404.1545(a)(3)-(4).

12

The Fourth Circuit has declined to adopt a *per se* rule requiring courts to remand whenever an ALJ fails to conduct a function-by-function analysis. *See Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016); *Mascio*, 780 F.3d at 636. Instead, the Fourth Circuit holds the position that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636 (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (*per curiam*)).

## Analysis

Plaintiff argues that an ALJ must consider medically determinable impairments at step five of the RFC analysis regardless of severity. Pl.'s Br. at 13. Plaintiff claims that the ALJ failed to do that because the ALJ's last reference to Plaintiff's mental health limitations was between steps three and four, and there, the ALJ only mentioned Plaintiff's medication side effects, her limited health counseling, and that medical records did not corroborate the alleged mental limitations. *Id.* at 13. Despite the medical records indicating Plaintiff's anxiety, depression, and bipolar disorder, Plaintiff alleges that the ALJ did not include these limitations in the RFC analysis. *Id.* at 13-14. For the foregoing reasons, the undersigned finds that the case should be remanded so that Plaintiff's mental limitations can be included in the RFC or further explanation should be given as to why they were not included.

For the reasons explained above, the undersigned finds that the ALJ's determination that Plaintiff's mental impairments are not severe is supported by the record. However, what is consistent throughout the record is Plaintiff's diagnosis of anxiety and bipolar disorder by various medical professionals and the RFC does not address either mental limitation, even though the ALJ found Plaintiff's mental impairments non-severe. *See* R. 434, 450, 519, 723, 732,

738. Under the RFC analysis, the ALJ explained that the State expert opinions from Drs. Green and Montgomery were given some weight because other mental status findings in the record were not consistent with theirs, the State experts did not examine Plaintiff and they did not "have access to later evidence for a fuller picture." R. at 21. The ALJ also explained that the records showed Plaintiff's failure to follow up to receive alternative medications for her mental health and further mental health treatment, and that Dr. Stein's opinions were given some weight because Sr. Stein's opinions seemed to be "heavily influenced" by Plaintiff's statements. *Id.* at 20-21.

It is well recognized that "[a]n ALJ's decision regarding the weight to afford to a medical opinion should remain untouched unless the ALJ failed to give a sufficient reason for the weight afforded." *Melton v. Colvin*, Civ. No. 3:15cv404 (REP), 2016 WL 3525248 at *4 (E.D. Va. June 1, 2016) citing 20 C.F.R. § 404.1527(d). Although the ALJ did explain why she gave the opinions of Drs. Green and Montgomery some weight, the undersigned finds that further explanation is specifically needed as to why Drs. Green and Montgomery's opinions on Plaintiff's mental limitations and her ability to do work-like tasks and routines were not factored into Plaintiff's RFC. Even Defendant concedes that the ALJ noted that Plaintiff's mental impairments result in no more than mild limitations. Def.'s Br. at 14. Further, considering that majority of the doctors' notes in the record stated that Plaintiff suffered from anxiety and bipolar disorder, and there being no evidence contradicting the State agency opinions as to Plaintiff's work limitations due to mental impairments, the undersigned finds that the RFC should reflect the limitations referenced in the State expert opinions or the ALJ should provide further explanation as to why the work place limitations recommended by the State experts were not included in the RFC.

V. **RECOMMENDATION**

For the reasons set forth above, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment [Dkt. No. 13] be GRANTED in part, Defendant's Motion for Summary Judgment [Dkt. No. 16] be DENIED in part, and the decision of the Commissioner be VACATED and the case be REMANDED for further review.

VI. **NOTICE**

By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record.

/s/
Ivan D. Davis
United States Magistrate Judge

July 23, 2020
Alexandria, Virginia